**RECEIVED**

SEP 2 0 2010

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| AARON JOHNSON | CIVIL ACTON NO. 6:08CV1988 |
| VERSUS | JUDGE DOHERTY |
| AMERICAN INTERSTATE INSURANCE CO., ET AL | MAGISTRATE JUDGE HANNA |

## MEMORANDUM RULING

Currently pending before the Court is a Motion for Partial Summary Judgment filed by defendants, DivCon, LLC ("DivCon") and American Interstate Insurance Company ("AII"), wherein defendants seek a ruling of this Court finding defendants were not arbitrary and capricious in terminating payments for maintenance and/or cure, and a judgment dismissing that portion of plaintiff's complaint which seeks punitive and/or exemplary damages, as well as for attorney's fees, due to defendant's alleged arbitrary and capricious termination of benefits.[1] [Docs. 29; 29-1] Defendants argue they are entitled to such relief, as "[p]laintiff in this case . . . does not have the evidence of egregious conduct necessary to carry his burden of proof at trial [in support of an award for punitive damages]." [Doc. 29-1, p.1] Plaintiff opposes the motion, arguing "in view of the evidence clearly showing that Johnson was injured and in need of treatment and the subsequent lack of any medical evidence suggesting that he has reached maximum medical improvement, reasonable minds can differ with regard to whether DivCon's refusal to pay maintenance and cure was arbitrary and capricious," and thus, summary judgment should be denied as there exists a genuine issue of material fact. [Doc. 36, p.10]

---

[1] Although not abundantly clear, it appears from the briefing that defendants have continued to pay for plaintiff's "cure," but have terminated payments for plaintiff's "maintenance."

With regard to a claim for maintenance and cure, punitive damages and attorneys' fees are "proper only when a company's refusal to pay [maintenance and cure] is callous and recalcitrant, arbitrary and capricious, or willful, callous, and persistent. The shipowner must have refused to pay without a reasonable defense and exhibited callousness and indifference to the seaman's plight." *Legros v. Panther Services Group, Inc.*, 863 F.2d 345, 352 (5th Cir. 1988)(footnoted citations omitted). "Examples of employer behavior that could merit punitive damages have included (1) laxness in investigating a claim; (2) termination of benefits in response to the seaman's retention of counsel or refusal of a settlement offer; (3) failure to reinstate benefits after diagnosis of an ailment previously not determined medically." *Tullos v. Resource Drilling, Inc.*, 750 F.2d 380, 388 (5th Cir. 1985).[2]

Considering the burden of production associated with summary judgment motions, the legal presumptions which attach to evidence produced by a non-movant, and the prohibition against weighing evidence in this context, this Court finds plaintiff has produced sufficient evidence

---

[2]In *Tullos*, the Fifth Circuit found as follows:

> [T]he facts of the case sub judice are . . . sufficient for a jury question: Superior was requested by counsel to reinstate benefits and further diagnoses were obtained such that it was not medically certain that Tullos had reached maximum cure. There is some question of the promptness with which Tullos informed Superior of his subsequent medical diagnoses and expenses, but any delay was not sufficient to remove the question from the jury. It should be noted that in its most recent opinion on the subject, this Court expressed its belief "that the willful, wanton and callous conduct required to ground an award of punitive damages requires an element of bad faith." Harper, 741 F.2d at 90. The jury needs to resolve whether Superior's reliance on a report requested from its own physician to terminate benefits in conjunction with a refusal to pay further medical bills submitted was done in bad faith. The issue of whether Tullos had reached maximum cure was presented to the jury which found that he had not. Sufficient evidence was presented to raise a jury question as to the arbitrariness or capriciousness of the denial of his benefits in view of the continuing conflicting diagnoses and prognoses. In essence, Superior chose one doctor from many and followed his recommendation. This may not be arbitrary and capricious, but it is sufficient evidence entitling Tullos to have the jury resolve his arbitrary and capricious claim.

*Tullos* at 388-89 (citations omitted).

regarding whether defendants' termination of payments of maintenance and/or cure was arbitrary and capricious to demonstrate the existence of a genuine issue of material fact. [*See e.g.* Docs. 36-2 & 36-3]

Due to the foregoing, defendants' Motion for Partial Summary Judgment is DENIED in its entirety.

THUS DONE AND SIGNED in Lafayette, Louisiana, this __20__ day of September, 2010.

---
REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE